**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 96-4554

CHARLES M. CONTRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-95-163-F)

Submitted: September 23, 1997

Decided: October 14, 1997

Before HAMILTON and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Trawick H. Stubbs, Jr., Carl E. Mabry, II, STUBBS, PERDUE &
AYERS, P.A., Raleigh, North Carolina, for Appellant. Janice McKen-
zie Cole, United States Attorney, John S. Bowler, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Contris pled guilty to a one-count information charging him with misprision of a felony, 18 U.S.C. § 4 (1994), namely, the sale of adulterated meat by co-defendants Gerry Pearson, the plant manager at Spring Valley Meats in Goldsboro, North Carolina, and Gene Jacobs, the Federal Inspector-in-Charge there. Contris appeals his 30-month sentence, arguing that the district court clearly erred in finding that he obstructed justice and had not accepted responsibility for his conduct, see U.S. Sentencing Guidelines Manual, §§ 3C1.1, 3E1.1 (1995). He also contends that the district court abused its discretion in departing upward based on the danger to public health posed by his conduct, see USSG § 5K2.14, p.s., and an uncounted prior sentence for similar conduct, USSG § 4A1.3, p.s. We affirm.

Contris was the proprietor of Spring Valley Meats. An investigation by U.S. Department of Agriculture (USDA) personnel disclosed repeated violations of USDA regulations between 1990 and 1995. These included slaughtering disabled, diseased, and dying hogs; illegally butchering dead hogs without inspection or proper disposition and mixing spoiled meat that had been returned by customers with other processed meats; washing spoiled meat in Clorox solution and selling it; and failing to make required pre-slaughter inspections. Contris was initially charged with conspiracy to commit fraud and nine counts alleging the processing of animals which had died of other causes, processing of spoiled and tainted meat, and the sale of spoiled and tainted meat. A superseding indictment added a charge of witness tampering.

After the indictment, Contris remained free on bond until early January 1996, when his bond was revoked by a magistrate judge because of repeated reports from Scott McBride, a foreman at Spring Valley Meats, and McBride's mother, that Contris had attempted to dissuade

2

McBride from giving testimony. McBride's mother told the agent that Contris frightened her son by predicting that he would be known as a snitch (McBride was facing a prison term for a DUI conviction) and thus endangered, and by suggesting that he could also be implicated in the violations at Spring Valley Meats. Contris appealed the magistrate judge's order revoking bond, and his bond was reinstated by the district court with the condition that he avoid contact with any witnesses.

At the sentencing hearing, the case agent testified that McBride told him before Contris' guilty plea that Contris had suggested he "take the Fifth" if called to testify because, otherwise, McBride could be in trouble also. However, McBride testified at the sentencing hearing that Contris had never intimidated him or attempted to persuade him not to testify. The district court found the agent's testimony more credible and, on that basis, determined that Contris had obstructed justice.[1] Because Contris had obstructed justice, the district court found that an adjustment for acceptance of responsibility would be inappropriate. See USSG § 3E1.1, comment. (n.4) (conduct resulting in enhancement for obstruction of justice ordinarily indicates that defendant has not accepted responsibility for his criminal conduct).

Contris argues that the district court should have found McBride's sworn testimony at sentencing more compelling than the agent's testimony. To bolster his position, he revisits all the evidence produced and arguments made at the bond revocation hearing. The district court was familiar with the background of the case, having heard the appeal from the bond revocation, but nonetheless found the agent's testimony more credible. Such credibility decisions are within the province of the factfinder and are not reviewable. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We therefore find that the district court did not clearly err in finding that Contris obstructed justice and in denying him an adjustment for acceptance of responsibility.

---

[1] The probation officer suggested as an alternate ground for the adjustment that Contris had not been forthcoming about his financial assets and had submitted a false financial affidavit requesting appointment of counsel. The district court did not consider these allegations.

Next, Contris maintains that the district court erred in departing upward based on the danger to public health resulting from his conduct. When the sentencing court is considering a departure, it must determine first whether the factor has been "taken into account in the heartland of situations encompassed within the applicable guideline," and then whether the factor is such that a departure "should result." United States v. Wilson, 114 F.3d 429, 432-33 (4th Cir. 1997) (following Koon v. United States, 116 S. Ct. 2035 (1996)). Here, the court explained its reasons for departing in detail without specifically tailoring its remarks to the test set out in Koon.[2] Because danger to public health is an encouraged basis for departure under USSG § 5K2.14, we have no difficulty in finding that the first requirement was met. The district court explained that a departure should result because Contris introduced into commerce over 1.3 million pounds of tainted pork with "disdain for humanity." Contris argues that a departure was not justified because there was no evidence his conduct actually caused harm to anyone and because USDA regulations which require multiple inspections before meat reaches the consumer reduced the risk to public health. We disagree. Contris routinely did all within his power to evade the regulations which applied to his meat-packing operation. While much of the tainted meat he sold was discovered and condemned before it reached the consumer, the full effect of his conduct is not known. We find that the district court did not abuse its discretion in departing on this basis.

Last, Contris contests the district court's decision to depart upward based on his 1976 one-year federal sentence for transportation and sale of misbranded horsemeat. Because this sentence was outside the applicable time period, it was not counted toward his criminal history score. Contris was in criminal history category I despite a long history of documented violations of USDA regulations for which he had not been prosecuted. A criminal history category which underrepresents the defendant's past criminal conduct is an encouraged factor for departure. See USSG § 4A1.3. Normally, a sentence which is too old to be counted would not be a basis for departure; however, a narrow exception exists for sentences outside the applicable time period which were imposed for similar criminal conduct. See USSG § 4A1.2, comment. (n.8). Here, the district court found that the 1976 conduct

_____

[2] Contris was sentenced shortly after Koon was decided.

4

was similar to the instant offense. Although Contris argues that his conduct in 1976 was not similar, we agree with the district court. In more recent years, Contris moved from misrepresenting the type of meat he provided to misrepresenting its fitness for consumption. The difference is one of degree. Therefore, the departure was not an abuse of discretion.

Accordingly, we affirm the sentence. Contris' motion to expedite is dismissed as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5